IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
NOV 29 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Dwight Devane Byrd, )
    Plaintiff, )
)
v. ) 1:09cv1208 (CMH/JFA)
)
United States of America, et al., )
    Defendants. )

## MEMORANDUM OPINION

Dwight Devane Byrd, a federal inmate confined in the Eastern District of Virginia and proceeding pro se, has filed a complaint on the form for use in civil rights actions pursuant to 42 U.S.C. § 1983, alleging that defendants failed to protect him from a racially-motivated assault by a fellow inmate at FCI Beckley on April 26, 2007. Plaintiff has paid the statutory filing fee. Because the defendants are federal entities, plaintiff's constitutional claim will be construed as brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which extends § 1983 liability to federal officials.[1] It appears that plaintiff also intends to assert a claim against the named defendants, the United States of America and the Federal Bureau of Prisons ("BOP"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq. After reviewing plaintiff's complaint, the Bivens claim against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim,[2] and the claim under the FTCA will

---

[1] It is noted that plaintiff has utilized a form complaint captioned "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983, In the United States District Court for the Middle District of North Carolina." Compl. at 1. Because the complaint was mailed to this Court for filing, it is assumed in light of plaintiff's pro se status that the reference to North Carolina in the caption is a scrivener's error.

[2] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event,

be dismissed for lack of subject matter jurisdiction.

## I. Background

Plaintiff alleges that on April 26, 2007, he was assaulted by a white inmate at while confined at FCI Beckley. Plaintiff previously had requested to be protected from his assailant, but defendants refused to provide him with such protection.[3] Plaintiff asserts that as a result of defendants' negligence, he suffered "bodily injuries to [his] body and mind, scars, and ... great pain and suffering to the body and mind." Compl. at 3. As relief, plaintiff seeks an award of $500,000 in damages.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the

---

as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

[3] Although plaintiff provides no additional detail as to the nature of his assault, his exhibits include a "Sworn Affidavit of Truth" submitted by a fellow inmate in connection with plaintiff's administrative proceedings. According to the affiant, a white male hit plaintiff in the face while the two were in the laundry area at FCI Beckley, and continued to hit and then kick plaintiff in the face after plaintiff fell to the floor. Docket # 1 at 22. Byrd reported in his administrative filings that he suffered a broken jaw as a result of the incident. Docket # 1 at 16.

2

complaint should be dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...". Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950. Courts may also consider exhibits attached to the complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Bivens Claim

To the extent that plaintiff arguably intends to assert a claim for violation of his civil rights under Bivens, there are a number of problems with his complaint. First, in Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional

3

rights. However, a Bivens cause of action is available only against federal officials in their individual capacities. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Thus, a Bivens suit will not lie against either of the named defendants, the United States or the BOP. See FDIC v. Meyer, 510 U.S. 471, 486 (1994) (Bivens suits cannot be brought against agencies of the federal government); Howard v. Fed. Bureau of Prisons, 198 F.3d 236 (4th Cir. 1999) (table; text available in Westlaw) (BOP cannot be sued under Bivens).

Second, although plaintiff makes one allusion to defendants' failure to protect him amounting to a violation of their "Constitutional duties to Protection owed the Plaintiff ... while being in their custody," Compl. at 3A, he principally contends that defendants' actions amounted to various forms of negligence. It is settled that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328 (1986).

Third, the Eastern District of Virginia is not the appropriate venue for this action. Venue in a Bivens action is determined by reference to 28 U.S.C. § 1391(b), which states that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...". Stafford v. Briggs, 444 U.S. 527, 544 (1980) (venue of Bivens actions governed by § 1391(b)). The alleged assault giving rise to the complaint in this case occurred at FCI Beckley, which is located in the Southern District of West Virginia. Therefore, venue for this action does not lie in the Eastern District of Virginia, and appears to be appropriate in the Southern District of West Virginia. See 28 U.S.C. § 1391.

Under other circumstances, in deference to his pro se status, plaintiff would be given an opportunity to particularize and amend his allegations, to attempt to cure these deficiencies. Here, however, such an opportunity would be futile, because even if plaintiff could state a valid Bivens claim, it would be barred by the statute of limitations. Pursuant to 28 U.S.C. §1406(a), a district court "in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Plaintiff in this case states that the events giving rise to his cause of action occurred on April 26, 2007, Compl. at 2, and the instant complaint was not filed until October 16, 2009. Compl. at 4.[4] The timeliness of Bivens actions, like those brought pursuant to § 1983, are governed by the statute of limitation for personal injury actions in the state where the claim arose. Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995). Since West Virginia has a two-year limitations period for personal injury actions which is applicable in Bivens suits, Reinbold v. Evers, 187 F.3d 348 (4th Cir. 1999), plaintiff's Bivens claim is time-barred, and the interest of justice does not require either allowing plaintiff an opportunity to particularize and amend his allegations, or a transfer of this case to the appropriate venue. See Lowery v. Estelle, 533 F.2d 265 (5th Cir. 1976) (finding no abuse of discretion in district court's dismissal rather than transfer of Bivens action for lack of venue).

### IV. FTCA Claim

It appears that plaintiff also intends to assert a claim against defendants pursuant to the FTCA. Generally, the United States and its agencies enjoy sovereign immunity from suit unless

---

[4] A document submitted by an incarcerated person is deemed filed when the prisoner delivers it to prison officials for mailing. Houston v. Lack, 487 U.S. 266 (1988); Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991). Here, petitioner executed his petition on October 16, 2009, Compl. at 4, so it is presumed here that the petition was placed in the prison mailing system that same day.

5

Congress has explicitly abrogated such immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of that immunity insofar as it allows the United States to be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government ... under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(2); see Suter v. United States, 441 F.3d 306, 310 (4th Cir.), cert. denied, 127 S.Ct. 272 (2006). Before an individual may bring an FTCA claim in federal court, that claim must have been presented to the appropriate agency and finally denied in writing by that agency. 28 U.S.C. § 2675(a).[5] Plaintiff has supplied exhibits which demonstrate that he pursued his claim though administrative channels, but the claim ultimately was denied by the Regional Counsel because it was filed beyond the applicable two-year statute of limitations.[6] Docket # 1 at 15. That circumstance also deprives this Court of subject matter jurisdiction to entertain plaintiff's FTCA claim.

When the United States consents to suit for a class of cases, as it did with the FTCA, the

---

[5] 28 U.S.C. § 2675(a) provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

[6] Exhaustion for purposes of a federal FTCA claim requires a prisoner to mail or deliver an administrative tort claim to the appropriate BOP regional office within two (2) years of the underlying incident. 28 C.F.R. § 543.31(c); 28 U.S.C. § 2401. The Regional Counsel then will either deny the claim or propose a settlement. 28 C.F.R. § 542.32(d). Denial of a claim by the Regional Counsel is considered a final agency action for exhaustion purposes. 28 C.F.R. § 543.32(g).

terms of its consent circumscribe a court's jurisdiction to hear a particular suit. Weissmann v. United States Postal Service, 155 F.3d 564 (4th Cir. 1998) (table; text available in Westlaw). A condition of the limited waiver of the sovereign immunity of the United States for the torts of government employees is compliance with the FTCA's statute of limitations. Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). According to the express terms of the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401 (b); see Gould v. United States Dep't of Health & Human Servs., 905 F.2d 738, 741 (4th Cir. 1990) (en banc). Federal law determines when a cause of action accrues, Miller v. United States, 932 F.2d 301, 303 (4th Cir. 1991), and holds that a claim accrues when the claimant is "in possession of the critical facts that he has been hurt and who inflicted the injury." United States v. Kubrick, 444 U.S. 111, 122 (1979). The FTCA limitations period is jurisdictional and may not be waived. Ahmed v. United States, 30 F.3d 514, 516 (4th Cir. 1994). In addition, courts recognize that § 2401 (b) must be strictly construed, because while a plaintiff thereby may suffer substantial hardship, strict interpretation is necessary to avoid "rewriting the FTCA to allow broad, open-ended exceptions." Hahn v. United States, 313 Fed. App'x 582, 585 (4th Cir. 2008), cert. denied, 129 U.S. 1917 (2009), quoting Gould, 905 F.2d at 747.

Here, as discussed above, plaintiff suffered his injury on April 26, 2007. Because he then undeniably knew "that he has been hurt and who inflicted the injury," Kubrick, 444 U.S. at 122, plaintiff's claim accrued on that date. According to the Regional Counsel, plaintiff submitted his tort claim on June 9, 2009, several weeks beyond the applicable two-year statute of limitations. Docket # 1 at 15. Because compliance with § 2401(b) is a jurisdictional prerequisite to suit under the FTCA,

Hahn, 313 Fed. App'x at 586, this Court is without subject matter jurisdiction to entertain plaintiff's FTCA claim, which accordingly must be dismissed.

Plaintiff contends that the Court should deem his FTCA claim timely filed because he allegedly delivered his paperwork to prison authorities for mailing on April 13, 2009, three days before the limitations period expired, see n. 4, supra, but the defendants "withheld filing the Tort Claim filing [sic] until 9 June 2009." Compl. at 3. Plaintiff has provided an exhibit consisting of a U. S. Postal Service receipt for certified mail, showing that he posted an article to the BOP Mid-Atlantic Regional Office at Junction Bus. Park, 10010 Junction Dr., Suite 100-N, Annapolis Junction, Maryland, on April 13, 2009, which was received on April 16, 2009. Docket # 1 at 18. It appears that the discrepancy between plaintiff's exhibit and the date of filing reflected in the Regional Counsel's correspondence may be explained by the mailing address plaintiff used, because the website for the BOP states that correspondence to the Mid-Atlantic Regional Office should be directed to 302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland 20701. However, this point need not be further explored, because even assuming *arguendo* that plaintiff did file his tort claim with the BOP within the § 2401(b) statute of limitations, this Court still would lack subject jurisdiction to entertain plaintiff's action.

The liability of the United States under the FTCA is limited by the discretionary function exception, which provides that the United States is not liable for "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be

abused." 28 U.S.C. § 2680(a). The discretionary function exception is the "most important" exception to the FTCA's waiver of sovereign immunity, McMellon v. United States, 387 F.3d 329, 335 (4th Cir. 2004) (en banc), cert. denied, 544 U. S. 974 (2005), and has been recognized as "mark[ing] the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities to exposure to suit by private individuals." United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). To determine whether the discretionary function exception applies to conduct by a federal agency or employee, a court must determine first whether the challenged conduct involves an element of judgment or choice. Suter, 441 F.3d at 310, citing Berkovitz v. United States, 486 U.S. 531, 536 (1988). If it does, the court must then inquire whether the challenged action was "based on considerations of public policy," id; that is, "whether that judgment is of the kind that the discretionary function exception was designed to shield." Mitchell v. United States, 255 F.3d 361, 363 (3d Cir. 2000). When it is found that the discretionary function exception applies to bar an FTCA claim, federal courts have held consistently that they lack subject matter jurisdiction over the case. Williams v. United States, 50 F.3d 299 (4th Cir. 1995), and cases cited at 304 - 05.

Where, as here, a federal prisoner sues under the FTCA for injuries caused by a fellow inmate, circuit courts which have reviewed such claims uniformly hold that the action is barred by the discretionary function exception. See, e.g., Donaldson v. United States, 281 Fed. App'x, 75, 76-78 (3d Cir. 2008) (upholding dismissal of an FTCA claim that federal prison employees failed to protect plaintiff from assault by a fellow prisoner on a finding that the claim was barred by the discretionary function exception); Alfrey v. United States, 276 F.3d 557, 565 (9th Cir. 2002) (where BOP officials decided not to relocate inmate in face of death threats by his cellmate and inmate

subsequently was killed, discretionary function exception barred FTCA claim); Cohen v. United States, 151 F.3d 1338, 1340 (11th Cir. 1998) (reversing judgment in favor of prisoner who brought an FTCA action for injuries sustained as the result of an attack by another inmate); Dykstra v. United States Bureau of Prisons, 140 F.3d 791 (8th Cir. 1998) (discretionary function exception applied to bar suit for prison officials' failure to warn plaintiff that his youthful appearance might make him vulnerable to attack or to place him in protective custody when plaintiff complained that fellow inmate was staring at him); Calderon v. United States, 123 F.3d 947 (7th Cir. 1997) (discretionary function exception applied to FTCA claim for government's failure to protect plaintiff from attack by cellmate); Buchanan v. United States, 915 F.2d 969 (5th Cir. 1990) (discretionary function exception applied to FTCA claim for damages by prisoners held hostage during a prison uprising); see also, Graham v. United States, 2002 WL 188573 (E.D. Pa. Feb. 5, 2002), and cases cited at *4.[7]

Courts in such cases recognize that federal correctional officers' conduct is governed by a statute which requires the BOP to provide for the "protection" and "safekeeping" of inmates in its care. See 18 U.S.C. § 4042(a) (2) - (3). This statute leaves the implementation of such duties to the discretion of BOP officials. Similarly, various federal regulations require the BOP to "control inmate behavior" and "take disciplinary action" when necessary, but how to accomplish these ends is left to the BOP's discretion. See 28 C.F.R. §§ 541.10(a), 541.22(a). No federal statute, regulation or policy requires the BOP to take a particular course of action to ensure a prisoner's safety from attack by another inmate. Therefore, the first prong of the discretionary function exception analysis is satisfied. See Cohen, 151 F.3d at 1342 ("[E]ven if § 4042 imposes on the BOP a general duty of

---

[7]In United States v. Muniz, 374 U.S. 150, 158 (1963), the Supreme Court held that prisoners may bring claims under the FTCA, but expressly declined to address whether the discretionary function exception applies to an inmate's claim that the BOP negligently violated a duty of care.

10

care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception." As to the second prong of the applicable test, a judgment as to how best to protect one prisoner from attack by another "is of the kind that the discretionary function exception was designed to shield." Mitchell, 225 F.3d at 363; see, e.g., Bell v. Wolfish, 441 U.S. 520, 547 - 48 (1979) (holding that prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security); Whitley v. Albers, 475 U.S. 312, 321 - 22 (1986) (prison officials have discretionary power over the safety of the institutions they operate); Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981) (same).

Here, in accordance with these authorities, plaintiff's FTCA claim that federal officials negligently failed to protect him from assault by another inmate is barred by the discretionary function exception. Therefore, whether or not plaintiff's tort claim was filed timely pursuant to § 2401(b) statute of limitations, this Court still lacks subject jurisdiction over plaintiff's federal FTCA claim. Williams, 50 F.3d at 304 - 05.

### V. Conclusion

For the foregoing reasons, plaintiff's claim under Bivens will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and his claim under the FTCA will be dismissed for lack of subject matter jurisdiction. An appropriate Order shall issue.

Entered this 29th day of November 2010.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia